UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD JACKSON,

       Petitioner,

v.                                                                   Case Number 19-13107
                                                                 Honorable Thomas L. Ludington

J.A. TERRIS,

       Respondent.

_____/

## **ORDER DISMISSING CASE FOR WANT OF PROSECTUION**

Petitioner Richard Jackson, an inmate at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for the writ of habeas corpus on October 23, 2019. Jackson did not pay the filing fee for his habeas petition or apply for leave to proceed *in forma pauperis.* Accordingly, on October 24, 2019, United States Magistrate Judge R. Steven Whalen ordered Jackson to submit the filing fee of $5.00 or to file an application to proceed *in forma pauperis* within twenty-one days of his order. Magistrate Judge Whalen cautioned Jackson that failure to comply with the order could result in the dismissal of this case. As of today, Jackson has not paid the filing fee, applied for leave to proceed *in forma pauperis*, or communicated with the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), this District's Local Rule 41.2, and *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962), the Court may dismiss a complaint for failure to prosecute. *Mulbah v. Detroit Bd. of Educ*., 261 F.3d 586, 589 (6th Cir. 2001). The Court considers four factors when assessing the appropriateness of a dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Id*.

The reason for Jackson's failure to comply with Magistrate Judge Whalen's deficiency order is unknown. Nevertheless, the Government has not been prejudiced by Jackson's conduct because it has not been served with the habeas petition. Furthermore, Magistrate Judge Whalen warned Jackson that failure to comply with the deficiency order could result in a dismissal of the habeas petition. Although the Court did consider less drastic means than a dismissal of this action, the filing fee is nominal. Even if Jackson could not afford to pay the $5.00 fee, it would have taken little effort for Jackson to complete and mail the *in forma pauperis* application that was sent to him with the deficiency order.

It has been over four months since Magistrate Judge Whalen entered his deficiency order in this case. Having considered the four *Mulbah* factors, a dismissal without prejudice for failure to prosecute is appropriate under the present circumstances.

Accordingly, it is **ORDERED** that the habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED** as any appeal would be frivolous.

Dated: March 6, 2020	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon **Richard Jackson** #55146-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on March 6, 2020.

          s/Kelly Winslow
          KELLY WINSLOW, Case Manager